**UNITED STATES of America, Plaintiff,**

v.

**10652 SOUTH LARAMIE, OAK LAWN, ILLINOIS, Defendant,**

**John F. Petrozza, Oak Lawn Trust and Savings Bank, Claimants.**

**No. 89 C 8064.**

United States District Court, N.D. Illinois, E.D.

Oct. 2, 1991.

Thomas Stephen Moore, McCarthy, Duff, Neidhart & Snakard, Chicago, Ill., for Oak Lawn Trust & Sav. Bank.

## MEMORANDUM OPINION

KOCORAS, District Judge:

The United States has brought a forfeiture action pursuant to 21 U.S.C. § 881(a)(7) against the property located at 10652 South Laramie, Oak Lawn, Illinois, on the grounds that the property was used to facilitate the distribution of cocaine. A claim of ownership was filed on November 17, 1989 on behalf of John Petrozza ("Petrozza") and the Oak Lawn Trust & Savings Bank as Trustee.

On June 18, 1991, Petrozza pleaded guilty before Judge Plunkett of this court to the charge of conspiracy to distribute cocaine with co-defendant David Avery ("Avery"). The United States and Petrozza entered into a plea agreement, in which it was stated, "At least half the time, Avery delivered the cocaine directly to defendant's [Petrozza's] residence." Petrozza admits that about half of the time, Avery delivered quantities of cocaine to his house, but claims that all of the transactions occurred on the street in front of his residence, but never inside his home. The United States now moves for summary judgment pursuant to Rule 56 Fed.R.Civ.P. based solely on Petrozza's guilty plea. The United States argues that the guilty plea can be used to collaterally estop Petrozza from denying the illegality of his activity in this forfeiture proceeding. Petrozza argues that the prerequisites for the application of collateral estoppel have not been met.

## LEGAL STANDARD

Summary judgment is appropriate where the submissions of the parties indicate that no genuine issue of material fact stands in the way of the judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment has

James A. Shapiro, Elizabeth M. Landes, U.S. Atty's Office, Chicago, Ill., for U.S.

Timothy Harold Okal, Spina, McGuire & Okal, Elmwood Park, Ill., for John F. Petrozza.

the burden of showing that no such issue of material fact exists. Once this burden is met, the burden shifts to the nonmovant to produce evidence which shows that a genuine issue of material fact still remains. *Randle v. LaSalle Telecommunications, Inc.,* 876 F.2d 563, 567 (7th Cir.1989). The nonmovant "may not rest upon mere allegations," but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 (7th Cir.1989). During this process, the party opposing summary judgment must be given the benefit of all favorable inferences which can be reasonably drawn from the underlying facts. *De-Valk Lincoln Mercury v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987). Summary judgment may be granted when it is beyond doubt that a reasonable jury could not find in favor of the nonmovant. We address the United States' summary judgment motion with these standards in mind.

## DISCUSSION

21 U.S.C. § 881(a)(7) provides in pertinent part:

(a) Subject property. The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(7) All real property, including any right, title, and interest ... in the whole of any lot or any tract of land and any appurtenances or improvements which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment ...

. . . .

21 U.S.C. § 881(a)(7) (1984).

The United States argues that Petrozza's guilty plea can be used to estop him from arguing that he did not use his house to commit a crime, consequently subjecting his home to the forfeiture provision of § 881(a)(7). The government cites several cases which hold that a guilty plea in a criminal case can be used to establish collateral estoppel in a later civil action. *See Appley v. West,* 832 F.2d 1021, 1026 (7th Cir.1987); *Nathan v. Tenna Corp.,* 560 F.2d 761, 763 (7th Cir.1977). It is clear from these cases that because of his guilty plea, Petrozza cannot deny that he distributed cocaine. However, whether Petrozza distributed cocaine is not at issue in this proceeding. Rather, the sole issue to be determined is whether Petrozza's home had a sufficient connection to the illegal activity so as to fall under the forfeiture provision of § 881(a)(7).

The United States contends that Petrozza acknowledged that Avery delivered cocaine to his residence when he signed the plea agreement which contained the following statement: "At least half the time, Avery delivered the cocaine directly to defendant's residence." The government claims that by pleading guilty to the charges of conspiracy to distribute cocaine, Petrozza effectively pleaded guilty to all material allegations in the plea agreement, including the allegation that Avery delivered cocaine to Petrozza at his home.

On the other hand, Petrozza argues that he stated under oath to Judge Plunkett that Avery delivered the cocaine on the street in front of his house, but not inside his home, and that this was a factual predicate to the guilty plea which the government accepted. Petrozza also argues that the prerequisites to the application of collateral estoppel have not been satisfied.

In order for collateral estoppel to apply, four factors must be met: "1) the party against whom estoppel is asserted was a party to the earlier proceeding, 2) the issue was actually litigated and decided on the merits, 3) the resolution of the particular issue was necessary to the result, and 4) the issues are identical." *Appley v. West,* 832 F.2d 1021, 1025 (7th Cir.1987), quoting *Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986). The party asserting estoppel has the burden of showing that these factors have been satisfied. 832 F.2d at 1025.

Petrozza makes a great effort to argue that it was not determined in the criminal proceedings before Judge Plunkett whether any of the illegal transactions occurred inside of his home. Moreover, Petrozza argues that such a determination was not necessary to the entering of a guilty plea. Therefore, Petrozza argues that the four factors required for the application of collateral estoppel have not been satisfied.

■■■ Although Petrozza has made a valid argument on this point, it is not dispositive to this summary judgment motion. Even if Avery never delivered the cocaine to Petrozza inside his home, there may still be a sufficient nexus to the property to warrant forfeiture under § 881. The property can be said to have facilitated the distribution of cocaine pursuant to § 881(a)(7) if the government can show that the use of the property was more than merely "incidental" or "fortuitous" to the transactions. *United States v. 916 Douglas Avenue,* 903 F.2d 490, 494 (7th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991). No substantial connection is required. *Id.* at 492. All that is necessary is that the property was used *"in any manner or part* to commit or to facilitate the commission of a drug related offense." *Id.* at 494 (emphasis in original).

■■ The language of § 881 is clear, straightforward, and unambiguous. 903 F.2d at 492. Property can "facilitate" a crime when it makes the crime less difficult or when it decreases the labor involved in handling illegal substances. *See United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir.1990) (quoted with approval in *916 Douglas Avenue,* 903 F.2d at 494); *United States v. One 1980 Bertram 58' Motor Yacht,* 876 F.2d 884, 887 n. 3 (11th Cir. 1989).

■■ We find that the government has met its burden of showing that the nexus between the property and the drug transactions was more than incidental or fortuitous, and that therefore the property was used to facilitate the cocaine distribution.

Furthermore, there is no genuine issue of material fact regarding any of the facts upon which we base our finding. Petrozza has admitted and testified under oath that he received cocaine from Avery on the street in front of his residence during at least half of the transactions. He further admitted that these transactions occurred on an average of twice per month for a period of two years. These facts are undisputed. Using these undisputed figures, Petrozza received cocaine from Avery in front of 10652 South Laramie approximately twenty-five times.

In *United States v. 916 Douglas Avenue, supra,* the Seventh Circuit upheld our ruling that two telephone calls which the claimant received at his residence regarding a cocaine purchase constituted a nexus sufficient to subject the home to the forfeiture provisions. Certainly the twenty-five transactions which Petrozza made in front of his home constitute a connection as great as two phone calls. Moreover, Petrozza admitted at the plea hearing that Avery would call him to discuss acquiring the cocaine. In addition, conducting the drug transactions in front of Petrozza's home helped facilitate the crime. Using Petrozza's home offered Petrozza and Avery a convenient meeting place where Petrozza could quickly and easily store the drugs after the exchange. Conducting the transactions in front of Petrozza's home made the crime less difficult, and reduced the labor at handling the cocaine.

Under the controlling Seventh Circuit case law, as set forth in *United States v. 916 Douglas Avenue, supra,* the United States has demonstrated with undisputed evidence a sufficient nexus between the property and the illegal drug trafficking so as to warrant forfeiture under § 881(a)(7). Therefore, summary judgment is granted in favor of the United States.